# Exhibit A

Exhibit A

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROSE HILLS COMPANY, a Delaware corporation
"Additional Parties Attachment," is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MANUEL GONZALES, on behalf of himself and all others similarly
situated, and the general public,

<div>
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**5/03/2024 12:33 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By M. Aguirre, Deputy Clerk**
</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk<br><br>111 N Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**24STCV11192** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
D.Law, Inc., Emil Davtyan, 880 E Broadway, Glendale, CA 91205 P: (818) 962-6465

| DATE: 05/03/2024<br>*(Fecha)* | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* | M. Aguirre | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SCI Shared Services, Inc., a Delaware corporation

    under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gonzales v. Rose Hills Company, et al. | 24STCV11192 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

DIGNITY MEMORIAL, a business entity of unknown form; SERVICE CORPORATION INTERNATIONAL, a business entity of unknown form; SCI SHARED SERVICES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page _____ of _____

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROSE HILLS COMPANY, a Delaware corporation
"Additional Parties Attachment," is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MANUEL GONZALES, on behalf of himself and all others similarly
situated, and the general public,

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/03/2024 12:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Aguirre, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk

111 N Hill Street
Los Angeles, CA 90012

</td><td>

**CASE NUMBER:**
*(Número del Caso):*

24STCV11192

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

D.Law, Inc., Emil Davtyan, 880 E Broadway, Glendale, CA 91205 P: (818) 962-6465

<table>
<tr>
<td>DATE: 05/03/2024<br>*(Fecha)*</td>
<td>David W. Slayton, Executive Officer/Clerk of Court</td>
<td>Clerk, by<br>*(Secretario)*</td>
<td>M. Aguirre</td>
<td>, Deputy<br>*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SCI Shared Services, Inc., a Delaware corporation

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gonzales v. Rose Hills Company, et al. | 24STCV11192 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

DIGNITY MEMORIAL, a business entity of unknown form; SERVICE CORPORATION INTERNATIONAL, a business entity of unknown form; SCI SHARED SERVICES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page _____ of _____

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



D.LAW, INC.
Emil Davtyan (SBN 299363)
emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
David Keledjian (SBN 309135)
d.keledjian@d.law
Hrag Alexanian (SBN 333430)
h.alexanian@d.law
880 E. Broadway
Glendale, CA 91205
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**5/03/2024 12:33 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By M. Aguirre, Deputy Clerk**

Attorneys for Plaintiff MANUEL GONZALES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MANUEL GONZALES, on behalf of himself and all others similarly situated, and the general public, <br><br> *Plaintiff,* <br><br> v. <br><br> ROSE HILLS COMPANY, a Delaware corporation; DIGNITY MEMORIAL, a business entity of unknown form; SERVICE CORPORATION INTERNATIONAL, a business entity of unknown form; SCI SHARED SERVICES, INC., a Delaware corporation; and DOES 1 through 50, inclusive, <br><br> *Defendant.* | Case No.:  24STCV11192 <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); <br> 2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198); <br> 3. Failure to Pay Hourly Wages and Overtime (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1 and 1198); <br> 4. Failure to Pay Proper Sick Pay (Lab. Code § 246); <br> 5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a)); <br> 6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203); <br> 7. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); <br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff MANUEL GONZALES ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## **INTRODUCTION**

1.     Plaintiff brings this class action against Defendants ROSE HILLS COMPANY, a Delaware corporation; DIGNITY MEMORIAL, a business entity of unknown form; SERVICE CORPORATION INTERNATIONAL, a business entity of unknown form; SCI SHARED SERVICES, INC., a Delaware corporation; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the California Labor Code and California Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have:

  a. failed to pay them overtime wages at the correct rate;

  b. failed to pay them double time wages at the correct rate;

  c. failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

  d. failed to provide them with meal periods;

  e. failed to provide them with rest periods;

  f. failed to pay them premium wages for missed meal and rest periods;

  g. failed to pay them proper sick time pay;

  h. failed to provide them with accurate written wage statements;

  i. failed to pay them all their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, liquidated damages, penalties, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## **JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants' conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.     Venue is proper in the County of Sacramento pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions

1  that are the subject matter of this Complaint occurred therein and/or each Defendant is found,

2  maintains offices, transacts business and/or has an agent therein.

3       4.    Venue is proper in Los Angeles County because Defendants' have at all times alleged

4  herein, conducted business in Los Angeles County, and throughout California. As such, venue is

5  proper in any county in California.

6                                    **PARTIES**

7       5.    Plaintiff MANUEL GONZALES is, and at all relevant times mentioned herein, an

8  individual residing in the State of California.

9       6.    Plaintiff is informed and believes, and thereupon alleges that Defendant ROSE HILLS

10  COMPANY is, and at all relevant times mentioned herein, a Delaware corporation doing business in

11  the State of California.

12       7.    Plaintiff is informed and believes, and thereupon alleges that Defendant DIGNITY

13  MEMORIAL is, and at all relevant times mentioned herein, a business entity of unknown form doing

14  business in the State of California.

15       8.    Plaintiff is informed and believes, and thereupon alleges that Defendant SERVICE

16  CORPORATION INTERNATIONAL is, and at all relevant times mentioned herein, a business entity

17  of unknown form doing business in the State of California.

18       9.    Plaintiff is informed and believes, and thereupon alleges that Defendant SCI SHARED

19  SERVICES, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing

20  business in the State of California.

21       10.   Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

22  DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff

23  will amend this Complaint to allege the true names and capacities of the DOE defendants when

24  ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously

25  named defendants are responsible in some manner for the occurrences, acts and omissions alleged

26  herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of

27  them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE

28  defendants when ascertained.

1       11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

2  mentioned herein, some or all of the defendants were the representatives, agents, employees, partners,

3  directors, associates, joint venturers, joint employers, owners, principals or co-participants of some

4  or all of the other defendants, and in doing the things alleged herein, were acting within the course

5  and scope of such relationship and with the full knowledge, consent, and ratification by such other

6  defendants.

7       12.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

8  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and

9  conspired with one another, and aided and abetted one another to accomplish the occurrences, acts

10  and omissions alleged herein.

11       13.    This action has been brought and may be maintained as a class action pursuant to Code

12  of Civil Procedure section 382 because there is a well-defined community of interest among the

13  persons who comprise the readily ascertainable classes defined below and because Plaintiff is

14  unaware of any difficulties likely to be encountered in managing this case as a class action.

15       14.    **Relevant Time Period**:  The relevant time period is defined as the time period

16  beginning four years prior to the filing of this action until judgment is entered.

17         a.  **Hourly Employee Class**:  All persons employed by Defendants, collectively or separately, and/or any staffing agencies and/or any other third parties in hourly or

18             non-exempt positions in California four years prior to the filing of this action and ending on the date that final judgment is entered in this action ("Hourly Employee

19             Class").

20         b.  **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a shift in excess of five hours during the four years prior to the filing of this action

21             and ending on the date that final judgment is entered in this action.

22         c.  **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours the four years prior to the filing of

23             this action and ending on the date that final judgment is entered in this action.

24         d.  **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning

25             three years before the filing of this action and ending when final judgment is entered.

26

27         e.  **Sick-Pay Class**: All persons employed by Defendants in California who, at any time from four years prior to the filing of this action and ending on the date that final judgment is entered in this action, worked for more than 30 days for

28             Defendants, and were not paid for at least one hour of sick time for every 30 hours

of work thereafter, or at least 3 days of sick time for every 12-month period of employment.

    f. **Wage Statement Class**: All persons employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

    g. **UCL Class**: All **Hourly Employee Class** and **Expense Reimbursement Class** members employed by Defendants in California during the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

15.   **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

16.   **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

17.   **Commonality and Predominance**: Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

    a. Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

    b. Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

    c. Whether Defendants failed to pay premium wages to class members when they have not been provided with meal and rest periods at the appropriate rates of pay;

    d. Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

    e. Whether Defendants failed to pay proper sick time pay;

    f. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and

4
CLASS ACTION COMPLAINT

1    total hours worked;

2    g.   Whether Defendants applied policies or practices that result in late and/or

3         incomplete final wage payments;

4    h.   Whether Defendants are liable to class members for waiting time penalties under

5         Labor Code section 203; and

6    i.   Whether class members are entitled to restitution of money or property that

7         Defendants may have acquired from them through unfair competition;

8    18.   **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff

9    is informed and believes, and thereupon alleges that Defendants have a policy or practice of failing

10   to comply with the California Labor Code and Business and Professions Code as alleged in this

11   Complaint.

12   19.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative and

13   has no interests that are adverse to, or otherwise conflict with, the interests of absent class members

14   and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and

15   adequately represent and protect the interests of the other class members.

16   20.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

17   they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

18   wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf

19   of Plaintiff and absent class members.

20   21.   **Superiority:** A class action is vastly superior to other available means for fair and

21   efficient adjudication of the class members' claims and would be beneficial to the parties and the

22   Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and

23   efficiently prosecute their common claims in a single forum without the unnecessary duplication of

24   effort and expense that numerous individual actions would entail.  In addition, the monetary amounts

25   due to many individual class members are likely to be relatively small and would thus make it

26   difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a

27   class action will serve an important public interest by permitting class members to effectively pursue

28   the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent

1    or contradictory judgments inherent in individual litigation.

2    **GENERAL ALLEGATIONS**

3    22.    Plaintiff worked for Defendants as a non-exempt employee during the relevant and

4    statutory periods.

5    23.    Defendants had a common policy and practice of systemically failing to pay Plaintiff

6    and Class Members proper wages and overtime for all hours worked, at the proper rates of pay. First,

7    Defendants implemented an unlawful time-rounding policy and practice which rounded down and

8    reduced the actual working hours recorded by Plaintiff and Class Members, and upon which their pay

9    was based, and generally did so to the detriment of the Plaintiff and Class Members, and these

10   unlawfully rounded time entries were inputted into Defendants' payroll system from which wage

11   statements and payroll checks were created. Defendants did so with the ostensible intent of paying

12   Plaintiff and Class members only for the hours they were scheduled to work, rather than the hours

13   they were actually under Defendants' control. Plaintiff contends this policy is not neutral and results,

14   over time, to the detriment of the Plaintiff and Class members by systematically undercompensating

15   them.

16   24.    Next, Plaintiff and Class Members were also consistently required to perform work,

17   off-the-clock, for which they were not paid wages. Specifically, Plaintiff and Class Members would

18   clock in a before their scheduled shift and would not get compensated from the actual time they

19   clocked in. Additionally, Plaintiff and Class Members would be required to put on protective gear,

20   such as steel toe boots, hard hats, and safety gloves prior to clocking in. Finally, Plaintiff and Class

21   Members were required to perform work during unpaid meal periods which they were systemically

22   denied, including having to keep and monitor their company radios during meal periods and rest

23   breaks. The forgoing and uncompensated working time was under the direction and control of

24   Defendants, for which no wages were paid.

25   25.    This uncompensated time caused Plaintiff and Class Members to work in excess of

26   eight (8), ten (10) and/or twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiff

27   and Class Members to minimum and overtime wages, which they were systemically denied.

28   26.    Defendants also failed to Plaintiff and Class Members overtime wages at the proper

1    and applicable regular rates of pay. Specifically, Plaintiff and Class Members earned performance-
2    based non-discretionary bonuses in addition to their hourly pay. However, these supplemental
3    earnings were not accounted for when determining Plaintiff and Class Members' regular rates of pay,
4    and respective and proper overtime rates of pay.

5        27.    Defendants had a common policy and practice of systemically denying Plaintiff and
6    Class Members the opportunity to take meal periods in compliance with the California Law.
7    Specifically, Plaintiff and Class Members were required to keep and monitor their work radios during
8    their meal and rest breaks. Additionally, Plaintiff and Class Members were constantly interrupted
9    during their meal breaks via radio calls. Next, due to understaffing and heavy workloads, Plaintiff
10   and Class Members were denied the opportunity to take timely meal periods prior to the completion
11   of their fifth hour of work. Furthermore, Plaintiff and Class Members were not relieved of all work
12   duties during unpaid meal periods and were interrupted during meal breaks or required to keep
13   working during meal breaks.

14       28.    Plaintiff and Class Members were not provided with meal periods of at least thirty (30)
15   minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal
16   period as part of each work shift; (2) no formal written meal policy that encouraged employees to
17   take their meal periods, or that advised Class Members of their meal and rest period rights; and (3)
18   Defendants' practice of requiring putative class members to continue working through their meal and
19   rest periods due to the excessive workload.

20       29.    Defendants had a common policy and practice of systemically denying Plaintiff and
21   Class Members the opportunity to take rest periods in compliance with the California Law. Plaintiff
22   and Class Members were not provided with rest periods of at least ten (10) minutes for each four (4)
23   hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest
24   period as part of each work shift, including second rest breaks for shifts of six (6) hours or more; (2)
25   no formal compliant written rest period policy that encouraged employees to take their rest periods,
26   or that properly advised Plaintiff and Class Members of their rest period rights; and (3) Defendants'
27   policy and practice of requiring putative class members to continue working through their rest breaks
28   due to the excessive workload, including having to keep and monitor their company radios during

meal periods and rest breaks.

30.    Plaintiff and Class Members were consistently interrupted during their rest breaks via their radios constantly. Additionally, on shifts that Plaintiff and Class Members worked between ten to twelve hours, Plaintiff and Class Members were not given their required third rest break.

31.    Furthermore, Defendants failed to pay Plaintiff and Class Members premium pay wages at their appropriate regular rates of pay for each meal and rest period denied.

32.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

33.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

34.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

35.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

36.    Finally, Defendants had a common policy and practice of systemically failing to pay Plaintiff and Class Members the requisite sick time pay in accordance with California Law. Specifically, Plaintiff and Class Members worked for Defendants for more than 30 days, but were not paid at least one hour of sick pay for every 30 hours of work, or at least 3 days of sick time for every 12-month period of work. Additionally, the sick pay paid to Plaintiff and Class Members did not account for the shift differential pay as well as performance-based non-discretionary bonuses, which were never factored into the rate upon which sick pay was accrued and paid.

///

///

///

///

1

## FIRST CAUSE OF ACTION

2

### FAILURE TO PROVIDE MEAL PERIODS

3

### (Lab. Code §§ 226.7, 512, 1174, and 1198)

4

### (Plaintiff and Meal Period Sub-Class)

5       37.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

6   fully alleged herein.

7       38.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

8   non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

9   Code and the applicable Industrial Welfare Commission Wage Order.

10      39.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare

11  Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

12  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

13  of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

14  minutes for each work period of ten hours.

15      40.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

16  Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work

17  during required meal periods and require employers to pay non-exempt employees an hour of

18  premium wages on each workday that the employee is not provided with the required meal period.

19      41.     Compensation for missed meal periods constitutes wages within the meaning of Labor

20  Code section 200.

21      42.     Labor Code section 1198 makes it unlawful to employ a person under conditions that

22  violate the applicable Wage Order.

23      43.     Section 11 of the applicable Wage Order states:

24          No employer shall employ any person for a work period of more than
            five (5) hours without a meal period of not less than 30 minutes, except
25          that when a work period of not more than six (6) hours will complete
            the day's work the meal period may be waived by mutual consent of
26          the employer and employee. Unless the employee is relieved of all duty
            during a 30 minute meal period, the meal period shall be considered an
27          'on duty' meal period and counted as time worked.  An 'on duty' meal
            period shall be permitted only when the nature of the work prevents an
28          employee from being relieved of all duty and when by written

9

1             agreement between the parties an on-the-job paid meal period is agreed
to. The written agreement shall state that the employee may, in writing,
2             revoke the agreement at any time.

3        44.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period

4 agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

5 members were not subject to valid on-duty meal period agreements with Defendants.

6        45.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

7 Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period**

8 **Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5)

9 hour work period, as required by Labor Code section 512 and the applicable Wage Order.

10 Specifically, Plaintiff and **Meal Period Sub-Class** Members were required to keep and monitor their

11 work radios during their meal and rest breaks. Additionally, Plaintiff and **Meal Period Sub-Class**

12 Members were constantly interrupted during their meal breaks via radio calls. Next, due to

13 understaffing and heavy workloads, Plaintiff and **Meal Period Sub-Class** Members were denied the

14 opportunity to take timely meal periods prior to the completion of their fifth hour of work.

15 Furthermore, Plaintiff and **Meal Period Sub-Class** Members were not relieved of all work duties

16 during unpaid meal periods and were interrupted during meal breaks or required to keep working

17 during meal breaks.

18        46.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

19 Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

20 **Class** members when they worked five (5) hours without clocking out for any meal period. Plaintiff

21 and **Meal Period Sub-Class** Members were not provided with meal periods of at least thirty (30)

22 minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal

23 period as part of each work shift; (2) no formal written meal policy that encouraged employees to

24 take their meal periods, or that advised **Meal Period Sub-Class** Members of their meal and rest period

25 rights; and (3) Defendants' practice of requiring putative class members to continue working through

26 their meal and rest periods due to the excessive workload.

27        47.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

28 Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period**

**Sub-Class** with a second meal period when they worked shifts of ten (10) or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

48.    Moreover, Defendants written policies fail to inform Meal period Class Members of their meal period rights under the Labor Code and applicable Wage Orders.

49.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

50.    Pursuant to Labor Code section 204, 218.6, 226.7 and 512, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

51.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

<div align="center">

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

</div>

52.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

53.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

54.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten (10) minutes of net rest time for each four (4) hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

55.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to

1    pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each

2    workday that the employee is not provided with the required rest period(s).

3        56.     Compensation for missed rest periods constitutes wages within the meaning of Labor

4    Code section 200.

5        57.     Labor Code section 1198 makes it unlawful to employ a person under conditions that

6    violate the Wage Order.

7        58.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

8    Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

9    with net rest period of at least ten (10) uninterrupted minutes for each four (4) hour work period, or

10    major fraction thereof, as required by the applicable Wage Order.

11        59.     Plaintiff and **Rest Period Sub-Class** members were not provided with rest periods of

12    at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

13    Defendants' policy of not scheduling each rest period as part of each work shift, including second

14    rest breaks for shifts of six (6) hours or more; (2) no formal compliant written rest period policy that

15    encouraged employees to take their rest periods, or that properly advised Plaintiff and **Rest Period**

16    **Sub-Class** Members of their rest period rights; and (3) Defendants' policy and practice of requiring

17    putative class members to continue working through their rest breaks due to the excessive workload,

18    including having to keep and monitor their company radios during meal periods and rest breaks.

19        60.     Additionally, Plaintiff and **Rest Period Sub-Class** Members were consistently

20    interrupted during their rest breaks via their radios constantly. Additionally, on shifts that Plaintiff

21    and **Rest Period Sub-Class** Members worked between ten to twelve hours, Plaintiff and **Rest Period**

22    **Sub-Class** Members were not given their required third rest break.

23        61.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class**

24    members additional premium wages when required rest periods were not provided.

25        62.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

26    and **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and

27    costs of suit.

28        63.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

1  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest**

2  **Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

3  <u>**THIRD CAUSE OF ACTION**</u>

4  **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

5  **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

6  **(Plaintiff and Hourly Employee Class)**

7    64. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

8  herein.

9    65. At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been

10  non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

11  applicable Wage Order.

12    66. Section 2 of the applicable Wage Order defines "hours worked" as "the time during

13  which an employee is subject to the control of the employer, and includes all the time the employee

14  is suffered or permitted to work, whether or not required to do so."

15    67. Section 4 of the applicable Wage Order requires an employer to pay non-exempt

16  employees at least the minimum wage set forth therein for all hours worked, which consist of all hours

17  that an employer has actual or constructive knowledge that employees are working.

18    68. Labor Code section 1194 invalidates any agreement between an employer and an

19  employee to work for less than the minimum or overtime wage required under the applicable Wage

20  Order.

21    69. Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

22  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition

23  to the underlying unpaid minimum wages and interest thereon.

24    70. Labor Code section 1197 makes it unlawful for an employer to pay an employee less

25  than the minimum wage required under the applicable Wage Order for all hours worked during a

26  payroll period.

27    71. Labor Code section 1197.1 provides that it is unlawful for any employer or any other

28  person acting either individually or as an officer, agent or employee of another person, to pay an

employee, or cause an employee to be paid, less than the applicable minimum wage.

72.     Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

73.     Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

74.     Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

75.     Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half (1.5) times their respective regular rates of pay for all hours worked in excess of eight (8) hours in one workday, all hours worked in excess of forty (40) hours in one workweek, and/or for the first eight (8) hours worked on the seventh consecutive day of one workweek.

76.     Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two (2) times their respective regular rates of pay for all hours worked in excess of twelve (12) hours in one workday and for all hours worked in excess of eight (8) hours on a seventh consecutive workday during the workweek.

77.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

78.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

79.     Plaintiff and **Hourly Employee Class** members were not paid proper wages and overtime for all hours worked, at the proper rates of pay. First, Defendants implemented an unlawful time-rounding policy and practice which rounded down and reduced the actual working hours recorded by Plaintiff and **Hourly Employee Class**, and upon which their pay was based, and

generally did so to the detriment of the Plaintiff and **Hourly Employee Class** Members, and these unlawfully rounded time entries were inputted into Defendants' payroll system from which wage statements and payroll checks were created. Defendants did so with the ostensible intent of paying Plaintiff and **Hourly Employee Class** Members only for the hours they were scheduled to work, rather than the hours they were actually under Defendants' control. Plaintiff contends this policy is not neutral and results, over time, to the detriment of the Plaintiff and **Hourly Employee Class** Members by systematically undercompensating them.

80.    Next, Plaintiff and **Hourly Employee Class** Members were also consistently required to perform work, off-the-clock, for which they were not paid wages. Specifically, Plaintiff and **Hourly Employee Class** Members would clock in a before their scheduled shift and would not get compensated from the actual time they clocked in. Additionally, Plaintiff and **Hourly Employee Class** Members would be required to put on protective gear, such as steel toe boots, hard hats, and safety gloves prior to clocking in. Finally, Plaintiff and **Hourly Employee Class** Members were required to perform work during unpaid meal periods which they were systemically denied, including having to keep and monitor their company radios during meal periods and rest breaks. The forgoing and uncompensated working time was under the direction and control of Defendants, for which no wages were paid.

81.    This uncompensated time caused Plaintiff and **Hourly Employee Class** Members to work in excess of eight (8), ten (10) and/or twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiff and **Hourly Employee Class** Members to minimum and overtime wages, which they were systemically denied.

82.    Defendants also failed to Plaintiff and **Hourly Employee Class** Members overtime wages at the proper and applicable regular rates of pay. Specifically, Plaintiff and **Hourly Employee Class** Members earned performance-based non-discretionary bonuses in addition to their hourly pay. However, these supplemental earnings were not accounted for when determining Plaintiff and **Hourly Employee Class** Members' regular rates of pay, and respective and proper overtime rates of pay.

83.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the

15

1    full amount of wages earned during each pay period during the applicable limitations period,
2    including overtime wages.

3        84.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on
4    behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid straight time and
5    overtime wages, interest thereon and costs of suit.

6        85.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
7    substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and
8    **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

9    <div align="center">

**FOURTH CAUSE OF ACTION**

</div>

10    <div align="center">

**FAILURE TO PAY PROPER SICK PAY**

</div>

11    <div align="center">

**(Lab. Code § 246)**

</div>

12    <div align="center">

**(Plaintiff and Sick Pay Class)**

</div>

13        86.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in
14    full herein.

15        87.    Labor Code Section 246 affords an employee "who works in California for 30 or
16    more days within a year from the commencement of employment [] paid sick days . . . of not less
17    than one hour per every 30 hours worked" and "no less than 24 hours of accrued sick leave or paid
18    time off by the 120th calendar day of employment or each calendar year, or in each 12-month
19    period."

20        88.    Additionally, Subsection (l) of Section 246 provides:

21            For the purposes of this section, an employer shall calculate paid sick leave
22            using any of the following calculations:

23            (1) Paid sick time for nonexempt employees shall be calculated in the same
        manner as the regular rate of pay for the workweek in which the employee
24            uses paid sick time, whether or not the employee actually works overtime
25            in that workweek.

26        89.    Defendants had a common policy and practice of systemically failing to pay Plaintiff
27    and **Sick Pay Class** Members the requisite sick time pay in accordance with California Law.
28    Specifically, Plaintiff and **Sick Pay Class** Members worked for Defendants for more than 30 days,

<div align="center">

16

**CLASS ACTION COMPLAINT**

</div>

but were not paid at least one hour of sick pay for every 30 hours of work, or at least 3 days of sick time for every 12 month period of work. Additionally, the sick pay paid to Plaintiff and **Sick Pay Class** Members did not account for the shift differential pay as well as performance-based non-discretionary bonuses, which were never factored into the rate upon which sick pay was accrued and paid.

90.     Therefore, **Sick Pay Class** Members are owed the unpaid balance of said wages pursuant to the Wage order according to proof at trial, interest pursuant to Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287 and § 3289, and reasonable attorneys' fees and costs and/or penalties pursuant to Labor Code § 558(a).

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

91.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

92.     Labor Code section 226(a) states:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or

other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

93.     The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

94.     Plaintiff is informed and believes that Defendants' failure to provide Plaintiff and **Wage Statement Class** members with accurate written wage statements was intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

95.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

96.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

97.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

98.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

99.     Plaintiff and **Wage Statement Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them

18

1   about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage

2   statements has prevented immediate challenges to Defendants' unlawful pay practices, has required

3   discovery and mathematical computations to determine the amount of wages owed, has caused

4   difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the

5   submission of inaccurate information about wages and deductions to federal and state government

6   agencies.

7       100.   Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

8   **Statement Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in

9   which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period

10   in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of

11   $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

<div align="center">

**SIXTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY ALL FINAL WAGES**

**(Lab. Code §§ 201-203)**

**(Plaintiff and Waiting Time Penalties Sub-Class)**

</div>

16       101.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

17   herein.

18       102.   At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have

19   been entitled, upon the end of their employment with Defendants, to timely payment of all wages

20   earned and unpaid before termination or resignation.

21       103.   At all relevant times, pursuant to Labor Code section 201, employees who have been

22   discharged have been entitled to payment of all final wages immediately upon termination.

23       104.   At all relevant times, pursuant to Labor Code section 202, employees who have

24   resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to

25   payment of all final wages at the time of resignation.

26       105.   Plaintiff is informed and believes that, at all relevant times during the applicable

27   limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

28   members all their final wages in accordance with the Labor Code.

<div align="center">

19

CLASS ACTION COMPLAINT

</div>

106.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

107.    Plaintiff is informed and believes, and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members has been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

108.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

109.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks awards of reasonable attorneys' fees and costs.

<u>**SEVENTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiff and UCL Class)**

110.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

111.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

112.    Business and Professions Code sections 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

113.    California law requires employers to pay hourly, non-exempt employees for all hours

20

they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

114.    Plaintiff and the **UCL Class** members re-allege and incorporate the FIRST, SECOND, THIRD, AND FOURTH causes of action herein.

115.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

116.    Defendants have or may have acquired money by means of unfair competition.

117.    Plaintiff is informed and believes, and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 226.7, 246, 354, 408, 512, 510, 553, 1175, 1174, 1194, 1194.2, 1197, 1197.1, 1198, and 1199, as well as applicable Wage Orders, which make it a misdemeanor to commit the violations alleged herein.

118.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to: provide non-exempt employees with compliant meal and rest periods; pay for all hours worked at the proper rates of pay; and proper sick time pay.

119.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq.* Business and Professions Code section 17200 *et seq.* protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of similarly situated persons in a class action proceeding.

120.    As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

121.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

122.    Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in

1    the State of California that comply with their legal obligations.

2          123.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

3    relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

4    violates or is considered unlawful under any other state or federal law.

5          124.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203,

6    Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining

7    Defendants, and each of them, and their agents and employees, from further violations of the Labor

8    Code and applicable Wage Orders.

9          125.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff

10   requests the issuance of temporary, preliminary and permanent injunctive relief enjoining

11   Defendants, and each of them, and their agents and employees, from further violations of the Labor

12   Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seeks

13   an order permanently enjoining Defendants, and each of them, and their respective agents and

14   employees, from further violations of the Labor Code and applicable Industrial Welfare Commission

15   Wage Orders.

16         126.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

17   himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully

18   belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

19   and unfair business practices.

20         127.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

21   and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

22   reasonable attorneys' fees in connection with their unfair competition claims.

23         128.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

24   himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully

25   belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

26   and unfair business practices.

27         129.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

28   and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

1  reasonable attorneys' fees in connection with their unfair competition claims.

2  **<u>PRAYER FOR RELIEF</u>**

3  WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

4  public, prays for relief and judgment against Defendants as follows:

5        a.   An order that the action be certified as a class action;

6        b.   An order that Plaintiff be appointed class representative;

7        c.   An order that counsel for Plaintiff be appointed class counsel;

8        d.   Unpaid wages and overtime;

9        e.   Actual damages;

10        f.   Liquidated damages;

11        g.   Restitution;

12        h.   Declaratory relief;

13        i.   Pre-judgment interest;

14        j.   Statutory penalties;

15        k.   Costs of suit;

16        l.   Reasonable attorneys' fees; and

17        m. Such other relief as the Court deems just and proper.

18

19  Dated: May 3, 2024              D.LAW, INC.

20

21

22  Emil Davtyan

23  David Yeremian
    David Keledjian

24  Hrag Alexanian
    Attorneys for Plaintiff
    MANUEL GONZALES, and the putative class

25

26

27

28

CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

Dated: May 3, 2024                                        D.LAW, INC.

Emil Davtyan
David Yeremian
David Keledjian
Hrag Alexanian
Attorneys for Plaintiff
MANUEL GONZALES, and the putative class

24
CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

D.Law, Inc., David Keledjian (SBN 309135); Hrag Alexanian (SBN 333430)
880 E Broadway Street, Glendale, CA 91205

TELEPHONE NO.: (818) 962-6465    FAX NO.: (818) 962-6469
EMAIL ADDRESS: d.keledjian@d.law; h.alexanian@d.law
ATTORNEY FOR *(Name):* Plaintiffs, Manuel Gonzales

**Electronically FILED by
Superior Court of California,
County of Los Angeles
5/03/2024 12:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Aguirre, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Gonzales v. Rose Hills Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 24STCV11192 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 3, 2024
David Keledjian
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                         **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

---

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

| SHORT TITLE: Gonzales v. Rose Hills Company, et al. | CASE NUMBER 24STCV11192 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐  A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐  A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐  A6070  Asbestos Property Damage | 1, 11 |
| | | ☐  A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐  A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐  A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐  A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐  A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐  A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐  A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐  A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Gonzales v. Rose Hills Company, et al. | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ①, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Gonzales v. Rose Hills Company, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☒ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Gonzales v. Rose Hills Company, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 3, 2024

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

    (INSERT DATE) ... (INSERT DATE)

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____ (TYPE OR PRINT NAME) ➤ _____ (ATTORNEY FOR PLAINTIFF)

Date: _____

_____ (TYPE OR PRINT NAME) ➤ _____ (ATTORNEY FOR DEFENDANT)

Date: _____

_____ (TYPE OR PRINT NAME) ➤ _____ (ATTORNEY FOR DEFENDANT)

Date: _____

_____ (TYPE OR PRINT NAME) ➤ _____ (ATTORNEY FOR DEFENDANT)

Date: _____

_____ (TYPE OR PRINT NAME) ➤ _____ (ATTORNEY FOR _____)

Date: _____

_____ (TYPE OR PRINT NAME) ➤ _____ (ATTORNEY FOR _____)

Date: _____

_____ (TYPE OR PRINT NAME) ➤ _____ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:    _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )    EXTENDING TIME TO RESPOND BY
Stipulations                        )    30 DAYS WHEN PARTIES AGREE
                                    )    TO EARLY ORGANIZATIONAL
                                    )    MEETING STIPULATION
_____)

    Whereas the Los Angeles Superior Court and the Executive Committee of the
Litigation Section of the Los Angeles County Bar Association have cooperated in
drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for
use in general jurisdiction civil litigation in Los Angeles County;

    Whereas the Los Angeles County Bar Association Litigation Section; the Los
Angeles County Bar Association Labor and Employment Law Section; the Consumer
Attorneys Association of Los Angeles; the Association of Southern California Defense
Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California
Employment Lawyers Association all "endorse the goal of promoting efficiency in
litigation, and ask that counsel consider using these stipulations as a voluntary way to
promote communications and procedures among counsel and with the court to fairly
resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED: _May 11, 2011_    _Carolyn B. Kuhl_

5                             Carolyn B. Kuhl, Supervising Judge of the
                             Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

---

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1    e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a

2         person or entity that receives an electronic filing from a party for retransmission to the Court.

3         In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4         agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5    f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of

6         Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7         (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8         2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9         process attached to or logically associated with an electronic record and executed or adopted

10         by a person with the intent to sign the electronic record.

11    g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place

12         in a hypertext or hypermedia document to another in the same or different document.

13    h) **"Portable Document Format"**  A digital document format that preserves all fonts,

14         formatting, colors and graphics of the original source document, regardless of the application

15         platform used.

16  2) MANDATORY ELECTRONIC FILING

17    a) Trial Court Records

18         Pursuant to Government Code section 68150, trial court records may be created, maintained,

19         and preserved in electronic format.  Any document that the Court receives electronically must

20         be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21         official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22    b) Represented Litigants

23         Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24         electronically file documents with the Court through an approved EFSP.

25    c) Public Notice

26         The Court has issued a Public Notice with effective dates the Court required parties to

27         electronically file documents through one or more approved EFSPs.  Public Notices containing

28         effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

    Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

    a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

    b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

    a) The following documents shall not be filed electronically:

        i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

        ii) Bonds/Undertaking documents;

        iii) Trial and Evidentiary Hearing Exhibits

        iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

        v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

    b) Lodgments

    Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)  Pleadings and motions that include points and authorities;

    iv)  Demurrers;

    v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)  Motions for Summary Judgment/Adjudication; and

    vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10 DATED:  May 3, 2019

11                                                KEVIN C. BRAZILE
                                                 Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/03/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Aguirre _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV11192 |

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Elaine Lu | 9 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/03/2024
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By M. Aguirre _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Holder, Linda**

---

| | |
|---|---|
| **From:** | sop@cscglobal.com |
| **Sent:** | Tuesday, May 7, 2024 1:03 PM |
| **To:** | Simonson, Jill |
| **Subject:** | Notice of Service of Process - Transmittal Number:29061478 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |



**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: **29061478**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

---

| | |
|---|---|
| **Entity:** | Rose Hills Company |
| **Entity I.D. Number:** | 2545279 |
| **Entity Served:** | Rose Hills Company |
| **Title of Action:** | Manuel Gonzales vs. Rose Hills Company |
| **Matter Name/ID:** | Manuel Gonzales vs. Rose Hills Company (15671683) |
| **Document(s) type:** | Notice and Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | LWDA-CM-1026098-24 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/06/2024 |
| **Answer or Appearance Due:** | Within 60 days of 05/03/2024 |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |

**Sender Information:**
D.Law Inc.
818-962-6465

---

**Primary Contact:**
Christina L. Martin
SCI Shared Resources

**Electronic copy provided to:**
christina.martin@sci-us.com
jill.phillips2@sci-us.com

---

**NOTES:**

To review other documents in this matter, please link to CSC's Matter Management Services at
www.cscglobal.com

---

Information contained on this transmittal form is for record keeping, notification and forwarding the
attached document(s). It does not constitute a legal opinion. The recipient is responsible for
interpreting the document(s) and taking appropriate action.

---

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882   |   sop@cscglobal.com**

**Holder, Linda**

---

| | |
|---|---|
| **From:** | sop@cscglobal.com |
| **Sent:** | Thursday, May 9, 2024 10:32 AM |
| **To:** | Simonson, Jill |
| **Subject:** | Notice of Service of Process - Transmittal Number:29076115 |



**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: **29076115**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

---

| | |
|---|---|
| **Entity:** | SCI Shared Services, Inc. |
| **Entity I.D. Number:** | 3536546 |
| **Entity Served:** | Sci Shared Services, Inc. |
| **Title of Action:** | Manuel Gonzales, on behalf of himself and all others similarly situated vs. Rose H |
| **Matter Name/ID:** | Manuel Gonzales vs. Rose Hills Company (15681271) |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | 24STCV11192 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC** | 05/08/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

---

**Sender Information:**
D.Law, Inc.
818-962-6465

---

**Primary Contact:**
Christina L. Martin
SCI Shared Resources

**Electronic copy provided to:**
christina.martin@sci-us.com
jill.phillips2@sci-us.com

---

**NOTES:**

To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.co

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached do
legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882  |  sop@cscglobal.com**

# D.Law

880 E. Broadway
Glendale, CA 91205

  (818) 962-6465
  (818) 962-6469

May 3, 2024

**VIA ON-LINE SUBMISSION AND MAIL:**
https://dir.tfaforms.net/128 **(copy by certified mail to all Defendants)**

Private Attorneys General Act
Attn. PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

**Rose Hills Company**
Becky Degeorge, Agent for Service of Process
2710 Gateway Oaks Drive
Sacramento, CA 95833
Certified Mail Tracking Number: 9414 8112 0620 4163 4792 39

**Rose Hills Company**
1929 Allen Parkway
Houston, TX 77019
Certified Mail Tracking Number: 9414 8112 0620 4185 8329 20

**Dignity Memorial**
1929 Allen Parkway
Houston, TX 77019
Certified Mail Tracking Number: 9414 8112 0620 4163 4704 89

**SCI Shared Services, Inc.**
1929 Allen Parkway
Houston, TX 77019
Certified Mail Tracking Number: 9414 8112 0620 4185 8435 13

**SCI Shared Services, Inc.**
Becky Degeorge, Agent for Service of Process
2710 Gateway Oaks Drive
Sacramento, CA 95833
Certified Mail Tracking Number: 9414 8112 0620 4163 4741 11

**Service Corporation International**
1929 Allen Parkway
Houston, TX 77019
Certified Mail Tracking Number: 9414 8112 0620 4185 8426 46



**Service Corporation International**
Amanda Garcia, Agent for Service of Process
330 N Brand Blvd.
Glendale, CA 91203
Certified Mail Tracking Number: 9414 8112 0620 4163 4400 93

**LWDA Case No.: LWDA-CM-1026098-24**

Re:        **Labor Code § 2698,** *et seq.* **Penalties – PAGA Notice Letter to the LWDA**
           ***Manuel Gonzales v. Rose Hills Company, et al.***

Gentlepersons:

This office represents Plaintiff Manuel Gonzales ("Plaintiff") and other similarly situated aggrieved employees (collectively "Aggrieved Employees") for violations of California Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 246, 510, 512, 515, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, and 2699, *et seq.*, provisions of the Industrial Welfare Commission (IWC) Wage Order(s); and California Business & Professions Code § 17200 et seq.

The purpose of this letter is to comply with the Private Attorneys General Act of 2004, pursuant to California Labor Code § 2698 *et. seq.* ("the Act"). Unless specified below, Plaintiff would like to bring a representative action, pursuant to the Act, on behalf of himself and all other similarly situated, Aggrieved Employees, and the State of California, against Defendants, Rose Hills Corporation, and DOES 1 through 50 inclusive (all defendants being referred to herein collectively as "Defendants").

Additionally, this correspondence will serve to satisfy the notice requirements under the Act, along Plaintiff's Class Action Complaint, which is attached hereto and incorporated by reference herein. The Complaint is being concurrently filed in Los Angeles County Superior Court and will be assigned a local case number. The Complaint allegations and claims are incorporated into this Notice Letter.

We also set forth herein the facts and theories and the California Labor Code violations which Defendants engaged in with respect to Plaintiff an all of their Aggrieved Employees in California. The Class Action Complaint provides the details of Plaintiff's class-wide claims and claims under the Act, and the applicable California law governing them. It, along with this Notice Letter, addresses in detail numerous violations that subject Defendants to civil and statutory penalties under the Act.

**Relevant Facts**
Plaintiff was employed by Defendants as a non-exempt hourly employee in California. Aggrieved Employees include all non-exempt hourly employees of Defendants within the state of California from one year prior to the date of this letter and continuing through the present (Plaintiff and Aggrieved Employees are collectively referred to herein as "Aggrieved Employees"). However, with regard to the allegations under Labor Code § 226(a) **_only_**, Plaintiff expands the scope and



definition of the Aggrieved Employees to all employees of Defendants within the state of California from one year prior to the date of this letter and continuing through the present.

Defendants had a common policy and practice of systemically failing to pay Aggrieved Employees proper wages and overtime for all hours worked, at the proper rates of pay.

Defendants had a common policy and practice of systemically failing to pay Plaintiff and Aggrieved Employees proper wages and overtime for all hours worked, at the proper rates of pay. First, Defendants implemented an unlawful time-rounding policy and practice which rounded down and reduced the actual working hours recorded by Plaintiff and Aggrieved Employees, and upon which their pay was based, and generally did so to the detriment of the Plaintiff and Aggrieved Employees, and these unlawfully rounded time entries were inputted into Defendants' payroll system from which wage statements and payroll checks were created. Defendants did so with the ostensible intent of paying Plaintiff and Aggrieved Employees only for the hours they were scheduled to work, rather than the hours they were actually under Defendants' control. Plaintiff contends this policy is not neutral and results, over time, to the detriment of the Plaintiff and Aggrieved Employees by systematically undercompensating them.

Next, Plaintiff and Aggrieved Employees were also consistently required to perform work, off-the-clock, for which they were not paid wages. Specifically, Plaintiff and Aggrieved Employees would clock in a before their scheduled shift and would not get compensated from the actual time they clocked in. Additionally, Plaintiff and Aggrieved Employees would be required to put on protective gear, such as steel toe boots, hard hats, and safety gloves prior to clocking in. Finally, Plaintiff and Aggrieved Employees were required to perform work during unpaid meal periods which they were systemically denied, including having to keep and monitor their company radios during meal periods and rest breaks. The forgoing and uncompensated working time was under the direction and control of Defendants, for which no wages were paid.

This uncompensated time caused Aggrieved Employees to work in excess of eight (8), ten (10) and/or twelve (12) hours a day and/or forty (40) hours a week, entitling Aggrieved Employees to minimum and overtime wages, which they were systemically denied.

Defendants also failed to Plaintiff and Aggrieved Employees overtime wages at the proper and applicable regular rates of pay. Specifically, Plaintiff and Aggrieved Employees earned performance-based non-discretionary bonuses in addition to their hourly pay. However, these supplemental earnings were not accounted for when determining Plaintiff and Aggrieved Employees' regular rates of pay, and respective and proper overtime rates of pay.


Defendants had a common policy and practice of systemically denying Plaintiff and Aggrieved Employees the opportunity to take meal periods in compliance with the California Law. Specifically, Plaintiff and Aggrieved Employees were required to keep and monitor their work radios during their meal and rest breaks. Additionally, Plaintiff and Aggrieved Employees were constantly interrupted during their meal breaks via radio calls. Next, due to understaffing and heavy workloads, Plaintiff and Aggrieved Employees were denied the opportunity to take timely meal periods prior to the completion of their fifth hour of work. Furthermore, Plaintiff and Aggrieved Employees were not relieved of all work duties during unpaid meal periods and were interrupted during meal breaks or required to keep working during meal breaks.

Plaintiff and Aggrieved Employees were not provided with meal periods of at least thirty (30)



minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal policy that encouraged employees to take their meal periods, or that advised Aggrieved Employees of their meal and rest period rights; and (3) Defendants' practice of requiring putative Aggrieved Employees to continue working through their meal and rest periods due to the excessive workload.

Defendants had a common policy and practice of systemically denying Plaintiff and Aggrieved Employees the opportunity to take rest periods in compliance with the California Law. Plaintiff and Aggrieved Employees were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second rest breaks for shifts of six (6) hours or more; (2) no formal compliant written rest period policy that encouraged employees to take their rest periods, or that properly advised Plaintiff and Aggrieved Employees of their rest period rights; and (3) Defendants' policy and practice of requiring putative Aggrieved Employees to continue working through their rest breaks due to the excessive workload, including having to keep and monitor their company radios during meal periods and rest breaks.

Plaintiff and Aggrieved Employees were consistently interrupted during their rest breaks via their radios constantly. Additionally, on shifts that Plaintiff and Aggrieved Employees worked between ten to twelve hours, Plaintiff and Aggrieved Employees were not given their required third rest break.

Furthermore, Defendants failed to pay Aggrieved Employees premium pay wages at their appropriate regular rates of pay for each meal and rest period denied.

Defendants had a common policy and practice of systemically failing to pay Aggrieved Employees the requisite sick time pay in accordance with California Law. Specifically, Aggrieved Employees worked for Defendants for more than 30 days, but were not paid at least one hour of sick pay for every 30 hours of work, or at least 3 days of sick time for every 12 month period of work. Additionallly, the sick pay paid to Plaintiff and Aggrirved Employees did not account for the shift differential pay as well as performance-based non-discretionary bonuses, which were never factored into the rate upon which sick pay was accrued and paid.

Aggrieved Employees were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226. Specifically, Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included. Next, Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included. Additionally, Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included. Finally, Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

///



**PAGA Claim Details, Legal Bases for Violations and Penalties**:
As addressed above and in further detail in the Class Action Complaint, the Aggrieved Employees complain of the following violations committed by Defendants:[1]

**Failure to Pay Minimum Wages**
Defendants violated the law by failing to pay Aggrieved Employees minimum wages for all hours worked. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders.

In California, employees must be paid at least the then applicable state minimum wage for all hours worked, including under Labor Code § 1197, IWC Wage Order MW-2014, and paragraphs 2(K), 2(S), and 4(A)-4(C) of the applicable IWC Wage Orders. Paragraph 2(H) of the applicable IWC Wage Orders defines "Hours Worked" as "the time during which an employee is subject to the control of an employer and includes all time the employee is suffered or permitted to work, whether or not required to do so." Additionally, pursuant to Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate, or at the minimum rate in the absence of a contractually agreed upon one. The underpayment of wages to Aggrieved Employees is and has been a direct consequence of Defendants' unlawful compensation policies and practices, which applied uniformly to the Aggrieved Employees working at locations and work sites throughout California.

---

[1] Plaintiff hereby reserves the right to seek penalties on behalf of all Aggrieved Employees, for Defendants' violations of the applicable provisions of the Labor Code, suffered by Aggrieved Employees, but not directly suffered by Plaintiff under *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.



Defendants had a common policy and practice of systemically failing to pay Plaintiff and Aggrieved Employees proper wages and overtime for all hours worked, at the proper rates of pay. First, Defendants implemented an unlawful time-rounding policy and practice which rounded down and reduced the actual working hours recorded by Plaintiff and Aggrieved Employees, and upon which their pay was based, and generally did so to the detriment of the Plaintiff and Aggrieved Employees, and these unlawfully rounded time entries were inputted into Defendants' payroll system from which wage statements and payroll checks were created. Defendants did so with the ostensible intent of paying Plaintiff and Aggrieved Employees only for the hours they were scheduled to work, rather than the hours they were actually under Defendants' control. Plaintiff contends this policy is not neutral and results, over time, to the detriment of the Plaintiff and Aggrieved Employees by systematically undercompensating them.

Next, Plaintiff and Aggrieved Employees were also consistently required to perform work, off-the-clock, for which they were not paid wages. Specifically, Plaintiff and Aggrieved Employees would clock in a before their scheduled shift and would not get compensated from the actual time they clocked in. Additionally, Plaintiff and Aggrieved Employees would be required to put on protective gear, such as steel toe boots, hard hats, and safety gloves prior to clocking in. Finally, Plaintiff and Aggrieved Employees were required to perform work during unpaid meal periods which they were systemically denied, including having to keep and monitor their company radios during meal periods and rest breaks. The forgoing and uncompensated working time was under the direction and control of Defendants, for which no wages were paid.

Defendants have the ability to pay minimum and overtime wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Aggrieved Employees.

In light of the forgoing, the Aggrieved Employees seek to recover wages and penalties. Aggrieved Employees are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). the other Aggrieved Employees further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory and civil penalties against Defendants, in a sum as provided by the California Labor Code and/or other applicable statutes, including pursuant to Labor Code § 558, and Wage Order provisions. To the extent minimum wage compensation is determined to be owed to the Aggrieved Employees who have terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code § 203, which penalties are sought herein on behalf of these Aggrieved Employees. Defendants' failure to timely pay all wages owed also violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as alleged herein was willful, intentional and not in good faith. Further, other Aggrieved Employees are entitled to seek and recover statutory costs.

Under the PAGA, and following exhaustion of the notice period, Plaintiff is seeking all civil and statutory penalties available and applicable under Labor Code §§ 510, 558, 1194.2, 1197.1, 1199, 2699(f)(2), and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).



### Failure to Pay Wages and Overtime in Violation of Labor Code § 510

Defendants violated the law by failing to pay Aggrieved Employees earned wages and overtime. Specifically, Aggrieved Employees consistently worked in excess of eight (8), ten (10), and twelve (12) hours a day, and/or forty (40) hours a week. However, Aggrieved Employees were not paid overtime wages for hours worked in excess of 8 hours a day. Moreover, the uncompensated time, discussed above caused  Aggrieved Employees to work in excess of eight (8), ten (10), and twelve (12) hours a day and/or 40 hours a week, further entitling  Aggrieved Employees overtime wages which they were consistently denied, all in violation of Labor Code § 510 and applicable Wage Orders.

Defendants also failed to Plaintiff and Aggrieved Employees overtime wages at the proper and applicable regular rates of pay. Specifically, Plaintiff and Aggrieved Employees earned performance-based non-discretionary bonuses in addition to their hourly pay. However, these supplemental earnings were not accounted for when determining Plaintiff and Aggrieved Employees' regular rates of pay, and respective and proper overtime rates of pay.

Defendants have violated Labor Code § 1194 and Labor Code § 510 (and paragraphs 2(K), 2(S), 3(A) and 4(A)-4(B) of the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight hours in a workday or in excess of forty hours in any workweek or for the first eight hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve hours in any one day or for hours worked in excess of eight hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked, including by requiring off the clock work as addressed above and by under-reporting actual hours worked. With work shifts generally requiring eight hours or more of work on a given day, this unpaid off the clock work resulted in Aggrieved Employees working past eight hours on a shift or more than forty hours in a week, which required that they be paid at the correct overtime rate of 1.5 times their regular rate.

When considered in combination with the other wage violations addressed above, Aggrieved Employees were not properly compensated, nor were they paid overtime and double time rates for hours worked in excess of 8, 10, and 12 hours in a given day, and/or forty hours in a given week. Defendants did not make available to Employees a reasonable protocol for correcting time records when Employees worked overtime hours or to fix incorrect time entries or those that Defendants unlawfully under-recorded to the Employee's detriment. Defendants have also violated these provisions by requiring other similarly situated Aggrieved Employees to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties.

In light of the forgoing, Aggrieved Employees seek to recover wages and penalties pursuant to the California Labor Code, including Labor Code §§ 204, 510, 558, 1174, 1194, 1198, 1199, and the relevant paragraphs of the IWC Wage Orders, including paragraphs 2(K), 2(S), 3(A), 4, and 20. Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the



assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes and Wage Order provisions.

Under the PAGA, and following exhaustion of the notice period, Plaintiff is seeking all civil and statutory penalties available and applicable under Labor Code §§ 510, 558, 1194.2, 1197.1, 1199, 2699(f)(2), and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

**Meal-Period Liability Under Labor Code §§ 226.7 and 512 and Penalties**

Defendants had a common policy and practice of systemically denying Plaintiff and Aggrieved Employees the opportunity to take meal periods in compliance with the California Law. Specifically, Plaintiff and Aggrieved Employees were required to keep and monitor their work radios during their meal and rest breaks. Additionally, Plaintiff and Aggrieved Employees were constantly interrupted during their meal breaks via radio calls. Next, due to understaffing and heavy workloads, Plaintiff and Aggrieved Employees were denied the opportunity to take timely meal periods prior to the completion of their fifth hour of work. Furthermore, Plaintiff and Aggrieved Employees were not relieved of all work duties during unpaid meal periods and were interrupted during meal breaks or required to keep working during meal breaks.

Plaintiff and Aggrieved Employees were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal policy that encouraged employees to take their meal periods, or that advised Aggrieved Employees of their meal and rest period rights; and (3) Defendants' practice of requiring putative Aggrieved Employees to continue working through their meal and rest periods due to the excessive workload.

Defendants also failed to pay Aggrieved Employees "premium pay," i.e. one hour of wages at each Aggrieved Employee's effective regular rate of pay, for each meal period that Defendants failed to provide or deficiently provided, including by miscalculating any premium payments they did make. Therefore, pursuant to Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order, Aggrieved Employees are entitled to damages in an amount equal to one hour of wages at their correctly calculated regular rate of compensation for each meal period not provided or deficiently provided, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code, including Labor Code § 558 and other applicable statutes and Wage Order provisions.

Under the PAGA, and following exhaustion of the notice period, Plaintiff is seeking all civil and statutory penalties and wages as available and applicable under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(3), 1199, 2699(f)(2) and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

**Rest-Break Liability Under Labor Code § 226.7 and Penalties**

Defendants had a common policy and practice of systemically denying Plaintiff and Aggrieved Employees the opportunity to take rest periods in compliance with the California Law. Plaintiff and Aggrieved Employees were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second rest breaks for shifts of six (6) hours or more; (2) no formal compliant written rest period policy that encouraged employees

to take their rest periods, or that properly advised Plaintiff and Aggrieved Employees of their rest period rights; and (3) Defendants' policy and practice of requiring putative Aggrieved Employees to continue working through their rest breaks due to the excessive workload, including having to keep and monitor their company radios during meal periods and rest breaks.

Plaintiff and Aggrieved Employees were consistently interrupted during their rest breaks via their radios constantly. Additionally, on shifts that Plaintiff and Aggrieved Employees worked between ten to twelve hours, Plaintiff and Aggrieved Employees were not given their required third rest break.

Under the PAGA, and following exhaustion of the notice period, Plaintiff is seeking all civil and statutory penalties and wages as available and applicable under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(3), 1199, 2699(f)(2), and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

**Failure to Pay Proper Sick Time**
Labor Code Section 246 affords an employee "who works in California for 30 or more days within a year from the commencement of employment [] paid sick days . . . of not less than one hour per every 30 hours worked" and "no less than 24 hours of accrued sick leave or paid time off by the 120th calendar day of employment or each calendar year, or in each 12-month period."

Additionally, Subsection (l) of Section 246 provides:

> For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations:
>
> (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

Defendants had a common policy and practice of systemically failing to pay Aggrieved Employees the requisite sick time pay in accordance with California Law. Specifically, Aggrieved Employees worked for Defendants for more than 30 days, but were not paid at least one hour of sick pay for every 30 hours of work, or at least 3 days of sick time for every 12 month period of work. Additionally, the sick pay paid to Plaintiff and Aggrirved Employees did not account for the shift differential pay as well as performance-based non-discretionary bonuses, which were never factored into the rate upon which sick pay was accrued and paid.

Under the PAGA, and following exhaustion of the notice period, Plaintiff asserts PAGA claims for failure to timely pay all wages owed, including at least semi-monthly and upon separation or termination, under Labor Code §§ 203, 204, 246, 2926, 2927, and 2699.5 seeking all civil penalties available and applicable under Labor Code §§ 204, 210, 246, 558, 1197, 1198, 1199 and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Orders, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

///



**Failure to Issue Accurate and Itemized Wage Statements in Violation of Labor Code § 226**
California Labor Code § 226(a) requires an employer to furnish each employee with an accurate, itemized wage statements in writing. These statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid. As a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Aggrieved Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

Aggrieved Employees were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226. Specifically, Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included. Next, Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included. Additionally, Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included. Finally, Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

Additionally, for the purposes of Subsection (a)(9), Plaintiff seeks to expand the scope of the Aggrieved Employees she seeks to represent to extend to all individuals employed by Defendants during the applicable period.  The wage statements issued to Aggrieved Employees failed to state all applicable hourly rates for which Aggrieved Employees were paid as required by Labor Code § 226(a)(9).

In light of these violations, and pursuant to Labor Code §§ 226(a) and 226(e) and paragraphs 4(b), 7, and 20 of the applicable IWC Wage Orders, Aggrieved Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

Under the PAGA, and following exhaustion of the notice period, Plaintiff asserts PAGA claims for failure to provide Aggrieved Employees with accurate, itemized wage statements and failure to maintain employment records for  Aggrieved Employees under Labor Code §§ 226, 1174, and 1198.5, and Sections 7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties and wages available and applicable under Labor Code §§ 226(e), 226.3, 558, 1174.5, 1199, and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Order, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1). More specifically, by providing inaccurate wage statements and failing to maintain records as required under Labor Code § 226(a),



Defendants committed ongoing violations giving rise to civil penalties under Labor Code §226.3, which in addition to other penalties provided by law, subjects Defendants to "a penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, ..."

**Failure to Keep Records In Accordance With Labor Code § 1174**
Labor Code § 1174 requires employers to keep records showing payroll data and the hours worked daily by and the wages paid to employees. By failing to pay Aggrieved Employees proper wages, overtime, double time, premium pay, etc., and by not recording meal period start and end times, all discussed herein, Defendants failed to maintain proper employment records in accordance with Section 1174. In light of the forgoing, Aggrieved Employees seek to recover penalties pursuant to Labor Code §§ 1174.5 and 2699, *et seq.* Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Aggrieved Employees, and they are entitled to recover penalties pursuant to paragraph 20 of the applicable IWC Wage Orders.

Under the PAGA, and following exhaustion of the notice period, Plaintiff asserts PAGA claims for failure to provide the Aggrieved Employees with accurate, itemized wage statements and failure to maintain employment records for Aggrieved Employees under Labor Code §§ 226, 1174, 1198, and 1198.5, and Sections 7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties and wages available and applicable under Labor Code §§ 558, 1174.5, 1199, and 2699(f)(2), 2699.5, and paragraph 20 of the applicable IWC Wage Order, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

**Waiting Time Penalties Pursuant to Labor Code § 203**
Some Aggrieved Employees no longer work for Defendants; they either resigned or were terminated from Defendants' employ. Based on the forgoing, Defendants have had a consistent policy of failing to pay all wages earned by and owed to Aggrieved Employees at the time of their termination of within seventy-two hours of their resignation, as required by California under Labor Code § 203. In light of the forgoing, Aggrieved Employees seek to recover wages and penalties pursuant to Labor Code § 558 and further specifically seek penalties and wages under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

Under the PAGA, and following exhaustion of the notice period, Plaintiff asserts PAGA claims for failure to timely pay all wages owed, including at least semi-monthly and upon separation or termination, under Labor Code §§ 201, 201, 203, 204, 1197.5, 2926, and 2927 seeking all civil penalties available and applicable under Labor Code §§ 201, 202, 203, 210, 558, 1197, 1198, 1199, 2699(f)(2), 2699.5, and paragraph 20 of the applicable IWC Wage Orders, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

///



**Unfair Competition Under Business and Professions Code § 17200, *et seq.***
Consequently, Defendants' conduct has been and continues to be unfair, unlawful, and harmful to Aggrieved Employees and the general public in violation of Business & Professions Code § 17200 *et seq.*

**Plaintiff's PAGA Claim under Labor Code § 2698 *et seq.* and Recovery Bases:**
After complying with the notice procedures of Labor Code § 2699.3 and the running of the notice period after the filing of the Class Action Complaint, Plaintiff will file an amended Complaint asserting, as a representative action on behalf of the California Attorney General and the other similarly Aggrieved Employees, a PAGA claim for violations of the above addressed underlying claims and seeking penalties as specified by the applicable corresponding provisions.

The Aggrieved Employees seek penalties under Labor Code §§ 2698 and 2699 for Defendants' violation of Labor Code provisions included under Labor Code § 2699.5, including the penalty provisions, without limitation, based, *inter alia*, on the following California Labor Code sections: §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 227.3, 246, 510, 512, 515, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, 2699, *et seq.*, and 2802, including as follows:

      (a)    <u>Wage Claims</u>: For failure to provide the Aggrieved Employees all earned regular pay and minimum wages for regular hours worked and for failure to pay overtime premium wages for overtime hours worked, failure to pay proper reporting time and sick pay under Labor Code §§ 510, 1194(a), 1197, and 1198, and paragraphs 2(K), 3(A), 4(A), 4(B) and 20 of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable under Labor Code §§ 227.3, 246, 510, 515, 558, 1194.2, 1197.1, 1198, 1199, 2699(f)(2), and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

      (b)    <u>Meal and Rest Period Claims</u>: For failure to provide the Aggrieved Employees off-duty, timely, and unpaid meal periods and failure to authorize and permit them to take off-duty, timely, and paid rest periods, or pay one hour of regular pay in lieu thereof, under Labor Code §§ 512, 1198, and 226.7, and Sections 11, 12(A), and 12(B) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable, including under paragraph 20 of the applicable IWC Wage Orders, and wages under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(3), 1199 and 2699(f)(2), and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

      (c)    <u>Inaccurate Wage Statements and Failure to Maintain Records</u>: For failure to provide the Aggrieved Employees with wage statements or with accurate, itemized wage statements and failure to maintain employment records for   Aggrieved Employees under Labor Code §§ 226, 1174, and 1198.5, and Sections 7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable under Labor Code §§ 226(e), 226.3, 558, 1174.5, 1199, and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Order, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1). More specifically, by providing inaccurate wage statements and failing to maintain records as required under Labor Code



§ 226(a), Defendants committed ongoing violations giving rise to civil penalties under Labor Code §226.3, which in addition to other penalties provided by law, subjects Defendants to "a penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, ...";

(d)     <u>Failure to Timely Pay Wages</u>: For failure to timely pay all wages owed, including at least semi-monthly and upon separation or termination, under Labor Code §§ 201, 201, 203, 204, 1197.5, 2926, and 2927 seeking all civil penalties available and applicable under Labor Code §§ 201, 202, 203, 210, 558, 1197, 1198, 1199 and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Orders, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

(f)     <u>All Alleged Violations of the IWC Wage Orders</u>: For any above addressed violation of the applicable provisions of the IWC Wage Orders constituting violations of Labor Code § 1198 and Labor Code § 2699.5 and seeking penalties available and applicable under Labor Code § 2699(f)(2) and paragraph 20 of the applicable IWC Wage Orders, and for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

We have been constrained to initially move forward with the filing of this Complaint, alleging the causes of action discussed herein, without the PAGA claim. Thus, any action by the LWDA would not resolve the entirety of the case, and the interest of judicial economy will be served by allowing the case to proceed as a cohesive whole.

This letter and the attached Complaint therefore provide the requisite notice under the Act to the LWDA and Defendants by setting forth the specific provisions of the Labor Code and related provisions Plaintiff alleges have been violated, including the facts and relevant theories alleged against Defendants and joint employers. To prevent the violations described in the Complaint and herein from occurring, and to remedy past violations, Plaintiff respectfully requests that the LWDA conduct an investigation into Defendants' employment practices in accordance with the Act.

Wherefore we request that you advise us, by certified mail within sixty days of the postmark on this letter, whether you intend to proceed with these claims or whether the Aggrieved Employees should include them in an amended Labor Code § 2698 *et seq.* claim under the Act in an amended Complaint.

Regards,

D.LAW, INC.

David Yeremian

Cc:     **Rose Hills Company**, by Certified Mail
        **Dignity Memorial**, by Certified Mail
        **SCI Shared Services, Inc.**, by Certified Mail
        **Service Corporation International**, by Certified Mail

D.LAW, INC.
Emil Davtyan (SBN 299363)
emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
David Keledjian (SBN 309135)
d.keledjian@d.law
Hrag Alexanian (SBN 333430)
h.alexanian@d.law
880 E. Broadway
Glendale, CA 91205
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff MANUEL GONZALES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MANUEL GONZALES, on behalf of himself and all others similarly situated, and the general public, | Case No.: |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| v. | 1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); |
| ROSE HILLS COMPANY, a Delaware corporation; DIGNITY MEMORIAL, a business entity of unknown form; SERVICE CORPORATION INTERNATIONAL, a business entity of unknown form; SCI SHARED SERVICES, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | 2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198); |
| | 3. Failure to Pay Hourly Wages and Overtime (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1 and 1198); |
| | 4. Failure to Pay Proper Sick Pay (Lab. Code § 246); |
| | 5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a)); |
| *Defendant.* | 6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203); |
| | 7. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*). |
| | **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

1    Plaintiff MANUEL GONZALES ("Plaintiff"), on behalf of himself, all others similarly

2    situated, and the general public, complains and alleges as follows:

3                                    **INTRODUCTION**

4    1.    Plaintiff brings this class action against Defendants ROSE HILLS COMPANY, a

5    Delaware corporation; DIGNITY MEMORIAL, a business entity of unknown form; SERVICE

6    CORPORATION INTERNATIONAL, a business entity of unknown form; SCI SHARED

7    SERVICES, INC., a Delaware corporation; and DOES 1 through 50, inclusive, (collectively referred

8    to as "Defendants") for alleged violations of the California Labor Code and California Business and

9    Professions Code. As set forth below, Plaintiff alleges that Defendants have:

10        a.    failed to pay them overtime wages at the correct rate;

11        b.    failed to pay them double time wages at the correct rate;

12        c.    failed to pay them overtime and/or double time wages by failing to include all

13              applicable remuneration in calculating the regular rate of pay;

14        d.    failed to provide them with meal periods;

15        e.    failed to provide them with rest periods;

16        f.    failed to pay them premium wages for missed meal and rest periods;

17        g.    failed to pay them proper sick time pay;

18        h.    failed to provide them with accurate written wage statements;

19        i.    failed to pay them all their final wages following separation of employment.

20    Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover

21    unpaid wages, liquidated damages, penalties, restitution, and related relief on behalf of himself, all

22    others similarly situated, and the general public.

23                            **JURISDICTION AND VENUE**

24    2.    This Court has subject matter jurisdiction to hear this case because the monetary

25    damages and restitution sought by Plaintiff from Defendants' conduct exceeds the minimal

26    jurisdiction of the Superior Court of the State of California.

27    3.    Venue is proper in the County of Sacramento pursuant to Code of Civil Procedure

28    sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions

1  that are the subject matter of this Complaint occurred therein and/or each Defendant is found,

2  maintains offices, transacts business and/or has an agent therein.

3       4.     Venue is proper in Los Angeles County because Defendants' have at all times alleged

4  herein, conducted business in Los Angeles County, and throughout California. As such, venue is

5  proper in any county in California.

6                                    **PARTIES**

7       5.     Plaintiff MANUEL GONZALES is, and at all relevant times mentioned herein, an

8  individual residing in the State of California.

9       6.     Plaintiff is informed and believes, and thereupon alleges that Defendant ROSE HILLS

10 COMPANY is, and at all relevant times mentioned herein, a Delaware corporation doing business in

11 the State of California.

12      7.     Plaintiff is informed and believes, and thereupon alleges that Defendant DIGNITY

13 MEMORIAL is, and at all relevant times mentioned herein, a business entity of unknown form doing

14 business in the State of California.

15      8.     Plaintiff is informed and believes, and thereupon alleges that Defendant SERVICE

16 CORPORATION INTERNATIONAL is, and at all relevant times mentioned herein, a business entity

17 of unknown form doing business in the State of California.

18      9.     Plaintiff is informed and believes, and thereupon alleges that Defendant SCI SHARED

19 SERVICES, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing

20 business in the State of California.

21      10.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

22 DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff

23 will amend this Complaint to allege the true names and capacities of the DOE defendants when

24 ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously

25 named defendants are responsible in some manner for the occurrences, acts and omissions alleged

26 herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of

27 them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE

28 defendants when ascertained.

11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, owners, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

12.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

13.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

14.    **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

     a.  **Hourly Employee Class**:  All persons employed by Defendants, collectively or separately, and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California four years prior to the filing of this action and ending on the date that final judgment is entered in this action ("Hourly Employee Class").

     b.  **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

     c.  **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

     d.  **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

     e.  **Sick-Pay Class**:  All persons employed by Defendants in California who, at any time from four years prior to the filing of this action and ending on the date that final judgment is entered in this action, worked for more than 30 days for Defendants, and were not paid for at least one hour of sick time for every 30 hours

3

of work thereafter, or at least 3 days of sick time for every 12-month period of employment.

 f. **Wage Statement Class**: All persons employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

 g. **UCL Class**: All **Hourly Employee Class** and **Expense Reimbursement Class** members employed by Defendants in California during the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

15. **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

16. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

17. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

 a. Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

 b. Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

 c. Whether Defendants failed to pay premium wages to class members when they have not been provided with meal and rest periods at the appropriate rates of pay;

 d. Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

 e. Whether Defendants failed to pay proper sick time pay;

 f. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and

total hours worked;

g.  Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

h.  Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203; and

i.  Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

18.  **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes, and thereupon alleges that Defendants have a policy or practice of failing to comply with the California Labor Code and Business and Professions Code as alleged in this Complaint.

19.  **Adequacy of Class Representative:** Plaintiff is an adequate class representative and has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

20.  **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

21.  **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent

1 | or contradictory judgments inherent in individual litigation.

2 | **GENERAL ALLEGATIONS**

3 |     22.    Plaintiff worked for Defendants as a non-exempt employee during the relevant and

4 | statutory periods.

5 |     23.    Defendants had a common policy and practice of systemically failing to pay Plaintiff

6 | and Class Members proper wages and overtime for all hours worked, at the proper rates of pay. First,

7 | Defendants implemented an unlawful time-rounding policy and practice which rounded down and

8 | reduced the actual working hours recorded by Plaintiff and Class Members, and upon which their pay

9 | was based, and generally did so to the detriment of the Plaintiff and Class Members, and these

10 | unlawfully rounded time entries were inputted into Defendants' payroll system from which wage

11 | statements and payroll checks were created. Defendants did so with the ostensible intent of paying

12 | Plaintiff and Class members only for the hours they were scheduled to work, rather than the hours

13 | they were actually under Defendants' control. Plaintiff contends this policy is not neutral and results,

14 | over time, to the detriment of the Plaintiff and Class members by systematically undercompensating

15 | them.

16 |     24.    Next, Plaintiff and Class Members were also consistently required to perform work,

17 | off-the-clock, for which they were not paid wages. Specifically, Plaintiff and Class Members would

18 | clock in a before their scheduled shift and would not get compensated from the actual time they

19 | clocked in. Additionally, Plaintiff and Class Members would be required to put on protective gear,

20 | such as steel toe boots, hard hats, and safety gloves prior to clocking in. Finally, Plaintiff and Class

21 | Members were required to perform work during unpaid meal periods which they were systemically

22 | denied, including having to keep and monitor their company radios during meal periods and rest

23 | breaks. The forgoing and uncompensated working time was under the direction and control of

24 | Defendants, for which no wages were paid.

25 |     25.    This uncompensated time caused Plaintiff and Class Members to work in excess of

26 | eight (8), ten (10) and/or twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiff

27 | and Class Members to minimum and overtime wages, which they were systemically denied.

28 |     26.    Defendants also failed to Plaintiff and Class Members overtime wages at the proper

1 and applicable regular rates of pay. Specifically, Plaintiff and Class Members earned performance-

2 based non-discretionary bonuses in addition to their hourly pay. However, these supplemental

3 earnings were not accounted for when determining Plaintiff and Class Members' regular rates of pay,

4 and respective and proper overtime rates of pay.

5       27.    Defendants had a common policy and practice of systemically denying Plaintiff and

6 Class Members the opportunity to take meal periods in compliance with the California Law.

7 Specifically, Plaintiff and Class Members were required to keep and monitor their work radios during

8 their meal and rest breaks. Additionally, Plaintiff and Class Members were constantly interrupted

9 during their meal breaks via radio calls. Next, due to understaffing and heavy workloads, Plaintiff

10 and Class Members were denied the opportunity to take timely meal periods prior to the completion

11 of their fifth hour of work. Furthermore, Plaintiff and Class Members were not relieved of all work

12 duties during unpaid meal periods and were interrupted during meal breaks or required to keep

13 working during meal breaks.

14       28.    Plaintiff and Class Members were not provided with meal periods of at least thirty (30)

15 minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal

16 period as part of each work shift; (2) no formal written meal policy that encouraged employees to

17 take their meal periods, or that advised Class Members of their meal and rest period rights; and (3)

18 Defendants' practice of requiring putative class members to continue working through their meal and

19 rest periods due to the excessive workload.

20       29.    Defendants had a common policy and practice of systemically denying Plaintiff and

21 Class Members the opportunity to take rest periods in compliance with the California Law. Plaintiff

22 and Class Members were not provided with rest periods of at least ten (10) minutes for each four (4)

23 hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest

24 period as part of each work shift, including second rest breaks for shifts of six (6) hours or more; (2)

25 no formal compliant written rest period policy that encouraged employees to take their rest periods,

26 or that properly advised Plaintiff and Class Members of their rest period rights; and (3) Defendants'

27 policy and practice of requiring putative class members to continue working through their rest breaks

28 due to the excessive workload, including having to keep and monitor their company radios during

1  meal periods and rest breaks.

2      30.    Plaintiff and Class Members were consistently interrupted during their rest breaks via

3  their radios constantly. Additionally, on shifts that Plaintiff and Class Members worked between ten

4  to twelve hours, Plaintiff and Class Members were not given their required third rest break.

5      31.    Furthermore, Defendants failed to pay Plaintiff and Class Members premium pay

6  wages at their appropriate regular rates of pay for each meal and rest period denied.

7      32.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

8  earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

9      33.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked

10  by the employee" were not accurately reflected in that: all hours worked, including overtime, were

11  not included.

12      34.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned"

13  were not accurately reflected in that: all hours worked, including overtime, were not included.

14      35.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

15  hourly rates in effect during the pay period and the corresponding number of hours worked at each

16  hourly rate by the employee" were not accurately reflected in that: all hours worked, including

17  overtime, were not included.

18      36.    Finally, Defendants had a common policy and practice of systemically failing to pay

19  Plaintiff and Class Members the requisite sick time pay in accordance with California Law.

20  Specifically, Plaintiff and Class Members worked for Defendants for more than 30 days, but were not

21  paid at least one hour of sick pay for every 30 hours of work, or at least 3 days of sick time for every

22  12-month period of work. Additionally, the sick pay paid to Plaintiff and Class Members did not

23  account for the shift differential pay as well as performance-based non-discretionary bonuses, which

24  were never factored into the rate upon which sick pay was accrued and paid.

25  ///

26  ///

27  ///

28  ///

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 226.7, 512, 1174, and 1198)**

**(Plaintiff and Meal Period Sub-Class)**

37.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

38.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

39.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

40.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

41.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

42.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

43.     Section 11 of the applicable Wage Order states:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written

9

1    agreement between the parties an on-the-job paid meal period is agreed
     to. The written agreement shall state that the employee may, in writing,
2    revoke the agreement at any time.

3    44.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

4    agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

5    members were not subject to valid on-duty meal period agreements with Defendants.

6    45.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

7    Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period**

8    **Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5)

9    hour work period, as required by Labor Code section 512 and the applicable Wage Order.

10   Specifically, Plaintiff and **Meal Period Sub-Class** Members were required to keep and monitor their

11   work radios during their meal and rest breaks. Additionally, Plaintiff and **Meal Period Sub-Class**

12   Members were constantly interrupted during their meal breaks via radio calls. Next, due to

13   understaffing and heavy workloads, Plaintiff and **Meal Period Sub-Class** Members were denied the

14   opportunity to take timely meal periods prior to the completion of their fifth hour of work.

15   Furthermore, Plaintiff and **Meal Period Sub-Class** Members were not relieved of all work duties

16   during unpaid meal periods and were interrupted during meal breaks or required to keep working

17   during meal breaks.

18   46.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

19   Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

20   **Class** members when they worked five (5) hours without clocking out for any meal period. Plaintiff

21   and **Meal Period Sub-Class** Members were not provided with meal periods of at least thirty (30)

22   minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal

23   period as part of each work shift; (2) no formal written meal policy that encouraged employees to

24   take their meal periods, or that advised **Meal Period Sub-Class** Members of their meal and rest period

25   rights; and (3) Defendants' practice of requiring putative class members to continue working through

26   their meal and rest periods due to the excessive workload.

27   47.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

28   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period**

10

1  **Sub-Class** with a second meal period when they worked shifts of ten (10) or more hours and failed

2  to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

3       48.    Moreover, Defendants written policies fail to inform Meal period Class Members of

4  their meal period rights under the Labor Code and applicable Wage Orders.

5       49.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

6  **Class** members additional premium wages, and/or were not paid premium wages at the employees'

7  regular rates of pay when required meal periods were not provided.

8       50.    Pursuant to Labor Code section 204, 218.6, 226.7 and 512, Plaintiff, on behalf of

9  himself and the **Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest

10  thereon, and costs of suit.

11       51.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

12  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the

13  **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

14  <div align="center">**SECOND CAUSE OF ACTION**</div>

15  <div align="center">**FAILURE TO PROVIDE REST PERIODS**</div>

16  <div align="center">**(Lab. Code §§ 204, 223, 226.7 and 1198)**</div>

17  <div align="center">**(Plaintiff and Rest Period Sub-Class)**</div>

18       52.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

19  herein.

20       53.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

21  non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

22  Code and the applicable Wage Order.

23       54.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

24  employers to permit and authorize employees to take required rest periods at a rate of no less than ten

25  (10) minutes of net rest time for each four (4) hour work period, or major fraction thereof, that must

26  be in the middle of each work period insofar as practicable.

27       55.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

28  employers from requiring employees to work during required rest periods and require employers to

1 | pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each
2 | workday that the employee is not provided with the required rest period(s).

3 | 56. Compensation for missed rest periods constitutes wages within the meaning of Labor
4 | Code section 200.

5 | 57. Labor Code section 1198 makes it unlawful to employ a person under conditions that
6 | violate the Wage Order.

7 | 58. Plaintiff alleges that, at all relevant times during the applicable limitations period,
8 | Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**
9 | with net rest period of at least ten (10) uninterrupted minutes for each four (4) hour work period, or
10 | major fraction thereof, as required by the applicable Wage Order.

11 | 59. Plaintiff and **Rest Period Sub-Class** members were not provided with rest periods of
12 | at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)
13 | Defendants' policy of not scheduling each rest period as part of each work shift, including second
14 | rest breaks for shifts of six (6) hours or more; (2) no formal compliant written rest period policy that
15 | encouraged employees to take their rest periods, or that properly advised Plaintiff and **Rest Period**
16 | **Sub-Class** Members of their rest period rights; and (3) Defendants' policy and practice of requiring
17 | putative class members to continue working through their rest breaks due to the excessive workload,
18 | including having to keep and monitor their company radios during meal periods and rest breaks.

19 | 60. Additionally, Plaintiff and **Rest Period Sub-Class** Members were consistently
20 | interrupted during their rest breaks via their radios constantly. Additionally, on shifts that Plaintiff
21 | and **Rest Period Sub-Class** Members worked between ten to twelve hours, Plaintiff and **Rest Period**
22 | **Sub-Class** Members were not given their required third rest break.

23 | 61. At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class**
24 | members additional premium wages when required rest periods were not provided.

25 | 62. Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself
26 | and **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and
27 | costs of suit.

28 | 63. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

1  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest**

2  **Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

3  **THIRD CAUSE OF ACTION**

4  **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

5  **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

6  **(Plaintiff and Hourly Employee Class)**

7  64.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

8  herein.

9  65.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been

10  non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

11  applicable Wage Order.

12  66.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

13  which an employee is subject to the control of the employer, and includes all the time the employee

14  is suffered or permitted to work, whether or not required to do so."

15  67.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

16  employees at least the minimum wage set forth therein for all hours worked, which consist of all hours

17  that an employer has actual or constructive knowledge that employees are working.

18  68.    Labor Code section 1194 invalidates any agreement between an employer and an

19  employee to work for less than the minimum or overtime wage required under the applicable Wage

20  Order.

21  69.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

22  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition

23  to the underlying unpaid minimum wages and interest thereon.

24  70.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

25  than the minimum wage required under the applicable Wage Order for all hours worked during a

26  payroll period.

27  71.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

28  person acting either individually or as an officer, agent or employee of another person, to pay an

1 employee, or cause an employee to be paid, less than the applicable minimum wage.

2    72.    Labor Code section 1198 makes it unlawful for employers to employ employees under

3 conditions that violate the applicable Wage Order.

4    73.    Labor Code section 204 requires employers to pay non-exempt employees their earned

5 wages for the normal work period at least twice during each calendar month on days the employer

6 designates in advance and to pay non-exempt employees their earned wages for labor performed in

7 excess of the normal work period by no later than the next regular payday.

8    74.    Labor Code section 223 makes it unlawful for employers to pay their employees lower

9 wages than required by contract or statute while purporting to pay them legal wages.

10    75.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees

11 to pay non-exempt employees overtime wages of no less than one and one-half (1.5) times their

12 respective regular rates of pay for all hours worked in excess of eight (8) hours in one workday, all

13 hours worked in excess of forty (40) hours in one workweek, and/or for the first eight (8) hours

14 worked on the seventh consecutive day of one workweek.

15    76.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

16 employers to pay non-exempt employees overtime wages of no less than two (2) times their respective

17 regular rates of pay for all hours worked in excess of twelve (12) hours in one workday and for all

18 hours worked in excess of eight (8) hours on a seventh consecutive workday during the workweek.

19    77.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

20 centrally devised policies and practices to him and **Hourly Employee Class** members with respect to

21 working conditions and compensation arrangements.

22    78.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

23 **Employee Class** members for all time worked, including but not limited to, overtime hours at

24 statutory and/or agreed rates.

25    79.    Plaintiff and **Hourly Employee Class** members were not paid proper wages and

26 overtime for all hours worked, at the proper rates of pay. First, Defendants implemented an unlawful

27 time-rounding policy and practice which rounded down and reduced the actual working hours

28 recorded by Plaintiff and **Hourly Employee Class**, and upon which their pay was based, and

CLASS ACTION COMPLAINT

1    generally did so to the detriment of the Plaintiff and **Hourly Employee Class** Members, and these

2    unlawfully rounded time entries were inputted into Defendants' payroll system from which wage

3    statements and payroll checks were created. Defendants did so with the ostensible intent of paying

4    Plaintiff and **Hourly Employee Class** Members only for the hours they were scheduled to work,

5    rather than the hours they were actually under Defendants' control. Plaintiff contends this policy is

6    not neutral and results, over time, to the detriment of the Plaintiff and **Hourly Employee Class**

7    Members by systematically undercompensating them.

8            80.    Next, Plaintiff and **Hourly Employee Class** Members were also consistently required

9    to perform work, off-the-clock, for which they were not paid wages. Specifically, Plaintiff and

10   **Hourly Employee Class** Members would clock in a before their scheduled shift and would not get

11   compensated from the actual time they clocked in. Additionally, Plaintiff and **Hourly Employee**

12   **Class** Members would be required to put on protective gear, such as steel toe boots, hard hats, and

13   safety gloves prior to clocking in. Finally, Plaintiff and **Hourly Employee Class** Members were

14   required to perform work during unpaid meal periods which they were systemically denied, including

15   having to keep and monitor their company radios during meal periods and rest breaks. The forgoing

16   and uncompensated working time was under the direction and control of Defendants, for which no

17   wages were paid.

18           81.    This uncompensated time caused Plaintiff and **Hourly Employee Class** Members to

19   work in excess of eight (8), ten (10) and/or twelve (12) hours a day and/or forty (40) hours a week,

20   entitling Plaintiff and **Hourly Employee Class** Members to minimum and overtime wages, which

21   they were systemically denied.

22           82.    Defendants also failed to Plaintiff and **Hourly Employee Class** Members overtime

23   wages at the proper and applicable regular rates of pay. Specifically, Plaintiff and **Hourly Employee**

24   **Class** Members earned performance-based non-discretionary bonuses in addition to their hourly pay.

25   However, these supplemental earnings were not accounted for when determining Plaintiff and **Hourly**

26   **Employee Class** Members' regular rates of pay, and respective and proper overtime rates of pay.

27           83.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

28   members have suffered damages in an amount, subject to proof, to the extent they were not paid the

full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

84.     Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

85.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY PROPER SICK PAY

### (Lab. Code § 246)

### (Plaintiff and Sick Pay Class)

86.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

87.     Labor Code Section 246 affords an employee "who works in California for 30 or more days within a year from the commencement of employment [] paid sick days . . . of not less than one hour per every 30 hours worked" and "no less than 24 hours of accrued sick leave or paid time off by the 120th calendar day of employment or each calendar year, or in each 12-month period."

88.     Additionally, Subsection (l) of Section 246 provides:

> For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations:
>
> (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

89.     Defendants had a common policy and practice of systemically failing to pay Plaintiff and **Sick Pay Class** Members the requisite sick time pay in accordance with California Law. Specifically, Plaintiff and **Sick Pay Class** Members worked for Defendants for more than 30 days,

1   but were not paid at least one hour of sick pay for every 30 hours of work, or at least 3 days of sick

2   time for every 12 month period of work. Additionally, the sick pay paid to Plaintiff and **Sick Pay**

3   **Class** Members did not account for the shift differential pay as well as performance-based non-

4   discretionary bonuses, which were never factored into the rate upon which sick pay was accrued and

5   paid.

6        90.    Therefore, **Sick Pay Class** Members are owed the unpaid balance of said wages

7   pursuant to the Wage order according to proof at trial, interest pursuant to Labor Code §§ 218.6 and

8   1194(a), Civil Code §§ 3287 and § 3289, and reasonable attorneys' fees and costs and/or penalties

9   pursuant to Labor Code § 558(a).

10   <div align="center">**FIFTH CAUSE OF ACTION**</div>

11   <div align="center">**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**</div>

12   <div align="center">**(Lab. Code § 226)**</div>

13   <div align="center">**(Plaintiff and Wage Statement Penalties Sub-Class)**</div>

14        91.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

15   herein.

16        92.    Labor Code section 226(a) states:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or

1      other indelible form, properly dated, showing the month, day, and year,
2      and a copy of the statement and the record of the deductions shall be
       kept on file by the employer for at least three years at the place of
3      employment or at a central location within the State of California. For
       purposes of this subdivision, 'copy' includes a duplicate of the itemized
4      statement provided to an employee or a computer-generated record that
       accurately shows all of the information required by this subdivision.

93.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

94.    Plaintiff is informed and believes that Defendants' failure to provide Plaintiff and **Wage Statement Class** members with accurate written wage statements was intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

95.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

96.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

97.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

98.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

99.    Plaintiff and **Wage Statement Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them

1   about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage

2   statements has prevented immediate challenges to Defendants' unlawful pay practices, has required

3   discovery and mathematical computations to determine the amount of wages owed, has caused

4   difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the

5   submission of inaccurate information about wages and deductions to federal and state government

6   agencies.

7       100.     Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

8   **Statement Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in

9   which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period

10  in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of

11  $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

12                              **<u>SIXTH CAUSE OF ACTION</u>**

13                      **FAILURE TO TIMELY PAY ALL FINAL WAGES**

14                              **(Lab. Code §§ 201-203)**

15                  **(Plaintiff and Waiting Time Penalties Sub-Class)**

16      101.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

17  herein.

18      102.     At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have

19  been entitled, upon the end of their employment with Defendants, to timely payment of all wages

20  earned and unpaid before termination or resignation.

21      103.     At all relevant times, pursuant to Labor Code section 201, employees who have been

22  discharged have been entitled to payment of all final wages immediately upon termination.

23      104.     At all relevant times, pursuant to Labor Code section 202, employees who have

24  resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to

25  payment of all final wages at the time of resignation.

26      105.     Plaintiff is informed and believes that, at all relevant times during the applicable

27  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

28  members all their final wages in accordance with the Labor Code.

1    106.    Plaintiff is informed and believes that, at all relevant times during the applicable

2  limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

3  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

4  sections 201 or 202 by failing to timely pay them all final wages.

5    107.    Plaintiff is informed and believes, and thereupon alleges that Defendants' failure to

6  timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members has been willful

7  in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201

8  and/or 202 but have intentionally adopted policies or practices that are incompatible with those

9  requirements.

10    108.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

11  **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their

12  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

13    109.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

14  and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

15  **Class** members, seeks awards of reasonable attorneys' fees and costs.

16  <u>**SEVENTH CAUSE OF ACTION**</u>

17  **UNFAIR COMPETITION**

18  **(Bus. & Prof. Code §§ 17200 *et seq.*)**

19  **(Plaintiff and UCL Class)**

20    110.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

21  herein.

22    111.    Business and Professions Code section 17200 defines "unfair competition" to include

23  any unlawful business practice.

24    112.    Business and Professions Code sections 17203-17204 allow a person who has lost

25  money or property as a result of unfair competition to bring a class action in accordance with Code

26  of Civil Procedure section 382 to recover money or property that may have been acquired from

27  similarly situated persons by means of unfair competition.

28    113.    California law requires employers to pay hourly, non-exempt employees for all hours

1 | they are permitted or suffered to work, including hours that the employer knows or reasonable should
2 | know that employees have worked.

3 |     114.    Plaintiff and the **UCL Class** members re-allege and incorporate the FIRST, SECOND,
4 | THIRD, AND FOURTH causes of action herein.

5 |     115.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

6 |     116.    Defendants have or may have acquired money by means of unfair competition.

7 |     117.    Plaintiff is informed and believes, and thereupon alleges that by committing the Labor
8 | Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225,
9 | 226.6, 226.7, 246, 354, 408, 512, 510, 553, 1175, 1174, 1194, 1194.2, 1197, 1197.1, 1198, and 1199,
10 | as well as applicable Wage Orders, which make it a misdemeanor to commit the violations alleged
11 | herein.

12 |     118.    Defendants have committed criminal conduct through their policies and practices of,
13 | *inter alia*, failing to comport with their affirmative obligations as an employer to: provide non-exempt
14 | employees with compliant meal and rest periods; pay for all hours worked at the proper rates of pay;
15 | and proper sick time pay.

16 |     119.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes
17 | unfair competition within the meaning of Business and Professions Code section 17200 *et seq.*
18 | Business and Professions Code section 17200 *et seq.* protects against unfair competition and allows
19 | a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair,
20 | unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of
21 | similarly situated persons in a class action proceeding.

22 |     120.    As a result of Defendants' violations of the Labor Code during the applicable
23 | limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form
24 | of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

25 |     121.    Plaintiff is informed and believes that other similarly situated persons have been
26 | subject to the same unlawful policies or practices of Defendants.

27 |     122.    Due to the unfair and unlawful business practices in violation of the Labor Code,
28 | Defendants have gained a competitive advantage over other comparable companies doing business in

1   the State of California that comply with their legal obligations.

2       123.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

3   relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

4   violates or is considered unlawful under any other state or federal law.

5       124.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203,

6   Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining

7   Defendants, and each of them, and their agents and employees, from further violations of the Labor

8   Code and applicable Wage Orders.

9       125.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff

10  requests the issuance of temporary, preliminary and permanent injunctive relief enjoining

11  Defendants, and each of them, and their agents and employees, from further violations of the Labor

12  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seeks

13  an order permanently enjoining Defendants, and each of them, and their respective agents and

14  employees, from further violations of the Labor Code and applicable Industrial Welfare Commission

15  Wage Orders.

16      126.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

17  himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully

18  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

19  and unfair business practices.

20      127.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

21  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

22  reasonable attorneys' fees in connection with their unfair competition claims.

23      128.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

24  himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully

25  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

26  and unfair business practices.

27      129.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

28  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

1  reasonable attorneys' fees in connection with their unfair competition claims.

2  **PRAYER FOR RELIEF**

3  WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

4  public, prays for relief and judgment against Defendants as follows:

5      a.  An order that the action be certified as a class action;

6      b.  An order that Plaintiff be appointed class representative;

7      c.  An order that counsel for Plaintiff be appointed class counsel;

8      d.  Unpaid wages and overtime;

9      e.  Actual damages;

10      f.  Liquidated damages;

11      g.  Restitution;

12      h.  Declaratory relief;

13      i.  Pre-judgment interest;

14      j.  Statutory penalties;

15      k.  Costs of suit;

16      l.  Reasonable attorneys' fees; and

17      m.  Such other relief as the Court deems just and proper.

18

19  Dated: May 3, 2024                D.LAW, INC.

20

21

22                                  Emil Davtyan

23                                  David Yeremian
                                David Keledjian

24                                  Hrag Alexanian
                                Attorneys for Plaintiff

25                                  MANUEL GONZALES, and the putative class

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby

3    demands a jury trial on all issues so triable.

4

5    Dated: May 3, 2024                              D.LAW, INC.

6

7

8
                                                     _____
9                                                    Emil Davtyan
                                                     David Yeremian
                                                     David Keledjian
10                                                   Hrag Alexanian
                                                     Attorneys for Plaintiff
11                                                   MANUEL GONZALES, and the putative class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**U.S. Postal Service** **Certified Mail Receipt**

▶▶▶ Pull here to open

Pull here to open ◀◀◀

ARTICLE NUMBER:   9414 8112 0920 4163 6792 39

ARTICLE ADDRESSED TO:

ROSE HILLS COMPANY
BECKY DEGEORGE, ASP
2710 GATEWAY OAKS DR
SACRAMENTO CA 95833-3501

Ison

FEES
Postage Per Piece          $5.150
Certified Fee                  4.400
Total Postage & Fees:      9.550

Postmark
Here

**SimplySafe™**



CERTIFIED MAIL

CERTIFIED MAIL®

David Yeremian Esq
D.Law Inc.
880 E Broadway
Glendale CA 91205

9414 8112 0620 4163 4792 39

$9.55⁰
US POSTAGE
FIRST-CLASS
FROM 91205
05/03/2024
stamps
endicia

ROSE HILLS COMPANY
BECKY DEGEORGE, ASP
2710 GATEWAY OAKS DR  150
SACRAMENTO CA 95833-3501